FUJIWARA AND ROSENBAUM, LLLC

ELIZABETH JUBIN FUJIWARA 3558
JOSEPH T. ROSENBAUM 9205
1100 Alakea St., 20th Fl., Ste B
Honolulu, Hawaii 96813
Telephone: 808-203-5436

Attorneys for Plaintiff
ROY GAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY GAL, | ) CIVIL NO. 20-00011 JMS-WRP |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) SECOND AMENDED COMPLAINT; |
| vs. | ) DEMAND FOR JURY TRIAL; |
| | ) CERTIFICATE OF SERVICE |
| COUNTY OF KAUA'I; CLAYTON | ) |
| SILVA JR., individually, Doe | ) |
| Defendants. | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff ROY GAL [hereinafter referred to as "MR. GAL"], by and through his counsel, ELIZABETH JUBIN FUJIWARA and JOSEPH T. ROSENBAUM of Fujiwara and Rosenbaum, LLLC, and complains against the above-named Defendants alleges and avers as follows:

### I.  NATURE OF CASE

1. The basis of this case is, *inter alia*, police misconduct at the County of Kaua'i Police Department.

### II. JURISDICTION

2. MR. GAL brings this action pursuant, including, but not limited to, 42 U.S.C § 1983 for violation of his civil rights under the United States Constitution to obtain full and complete relief and to redress the tortious conduct described herein. MR. GAL's action arises under, *inter alia*, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of Hawai'i.

3. At all times relevant herein, MR. GAL was a male citizen of the United States and resident of the County of Kaua'i.

4. At all times relevant herein, Defendant COUNTY OF KAUA'I is a governmental municipality which includes the Kaua'i Police Department, in the State of Hawaii, and at all relevant times employed all police officers and

police employees mentioned and referenced in this Complaint. It is responsible for hiring, training, supervising, promoting, and disciplining employees of Kaua'i Police Department (KPD). It is sued in its official capacity.

5. Defendant, CLAYTON SILVA JR. was and is employed by KPD as a law enforcement agent and officer. CLAYTON SILVA JR. is, and was at all relevant times, domiciled in the State of Hawaii and thus a citizen and resident of the State of Hawaii. Plaintiff sues CLAYTON SILVA JR. individually. CLAYTON SILVA JR. will be included when referenced as "defendant" or "defendants", unless excluded and as the context implies.

6. Doe Defendants are sued herein under fictitious names because their true names, identities and capacities are unknown to the MR. GAL, except that they are connected in some manner with Defendants, and are/were agents, servants, employees, employers, representatives, co-venturers, associates, or independent contractors of Defendants herein, and were acting with the permission and consent and within the course and scope of said agency and employment and/or were in some manner presently unknown to the MR. GAL engaged in the activities alleged herein and/or were in some way responsible for the injuries or damages to the MR. GAL, which activities were a proximate cause of said injuries or damages to the MR. GAL. MR. GAL has made good faith and diligent efforts to identify said Defendants, including interviewing individuals with knowledge of

the claims herein. At such time as their true names and identities become known, the MR. GAL will amend this Complaint accordingly.

7. All Defendants will be collectively referred to as "DEFENDANTS".

8. All events done by Defendants described herein occurred within the County of Kaua'i, State of Hawaii, and within the jurisdiction and venue of the Untied States Federal District Court for the District of Hawai'i.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1391(b)(2).

10. This Court has authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

11. This Court has authority to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

12. This Court has authority to award attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

13. Jurisdiction and Venue are proper in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1391(b) because the events

giving rise to the instant claim occurred within this District and because at least one Defendant resides in this District.

### III. STATEMENT OF FACTS

14. MR. GAL is a farmer on a property on Kaua'i.

15. MR. GAL's farm is in an area that is secluded and also zoned agricultural land.

16. The property that MR. GAL lived on and farmed on had serious issues with feral pigs eating the crops and eating the baby goats and sheep.

17. To eradicate the feral pigs on said property MR. GAL obtained an eradication permit from the State of Hawai'i Department of Land and Natural Resources.

18. MR. GAL eradication permit number is WCP 18-29.

19. On the evening of January 30, 2018, MR. GAL's tenant called him at 9:44 p.m. to ask him if he got a pig that night.

20. On this night, just like many other nights around this time of year when there are a lot of baby farm animals, MR. GAL stayed up and waited to see if there were any pigs threatening his herds.

21. A group of pigs arrived around said time and MR. GAL discharged his rifle two (2) times.

22. MR. GAL waited for a few minutes and went to look for the

pigs.

23. This is when a pig charged MR. GAL and he shot at the pig with his handgun.

24. MR. GAL believes he made four rapid shots.

25. MR. GAL again got attacked by a pig and he shot his handgun again around four (4) shots.

26. At that point in time MR. GAL was too afraid to try and locate the pigs, so he gave up for the night.

27. Approximately ten (10) minutes later, KPD police officers arrived and entered MR. GAL's property by pushing through the gate.

28. MR. GAL came out of the house to greet them with the true belief that they would just ask him if he had fire shots, check his paperwork and leave.

29. MR. GAL had this belief as this was not the first time he had been attacked by a pig on his farm.

30. MR. GAL carries his handgun on his person at all times while on his private property.

31. MR. GAL was asked if he had a gun on him, to which he responded, "Always."

32. MR. GAL's gun was tucked in his waist area above his right

buttocks.

33. Then without any warning or instructions from the KPD police officers, MR. GAL was immediately taken down to the ground.

34. MR. GAL was neither verbally or physically hostile, aggressive nor did he ever resist.

35. The KPD police officers handcuffed MR. GAL.

36. There was no reason to take MR. GAL to the ground.

37. The KPD police officers could have and should have simply and politely requested for MR. GAL to take his weapon off of his person.

38. KPD police officers could have easily just put MR. GAL's hands behind his back and handcuffed him. - and even that was not necessary.

39. MR. GAL was on the ground handcuffed for few minutes while a KPD police officer Clayton Silva Jr., which MR. GAL do not know, was talking to him.

40. While conversing with MR. GAL, Officer Silva did not like that MR. GAL told him that citizens are allowed to be armed on their own property.

41. Officer Silva then aggressively stood MR. GAL up and forcefully walked him just outside MR. GAL's gate.

42. Next, Officer Silva turned MR. GAL backwards two (2) steps

and purposely tripped him with his left foot, forcefully pushing MR. GAL to the ground.

43. Being that MR. GAL was handcuffed, MR. GAL had no ability to break his fall.

44. When MR. GAL hit the ground, he felt a sharp terrible burning feeling in his lower back area, as well as his lower left rib cage area and neck.

45. The KPD police officers proceeded to check the gun permits and the eradication permit, uncuffed MR. GAL, returned his belongings and said good night.

46. This all took about an hour before the KPD officers left.

47. As a result of the aforementioned acts, MR. GAL has suffered very serious physical and emotional damages.

48. MR. GAL's physical injuries resulting from the use of force by KPD include: a fractured spine in multiple locations, nerve damage resulting in randomly tearing in the eyes, severe nerve damage resulting in erectile disfunction, severe nerve damage resulting in random no reason sweating, tingling feet, constant severe pain, severe neck pain and severe spinal pain.

49. MR. GAL can no longer enjoy his regular activities without pain such as farming, hunting, fishing, running, soccer, chainsaw, fixing his tractor/truck/car/lawnmowers etc., tending the herd, working a chain saw, picking

up his kids to give them a hug, lifting regular heavy items, having normal sexual relationship with his wife and many more.

50. MR. GAL is aware the KPD has a custom and practice of allowing its officers and agents to use excessive force on detainees and criminal suspects who are no threat whatsoever to the officers, the detainees and/or criminal suspects themselves or the public.

51. KPD has a policy and custom of using high levels of force on individuals whose actions did not necessitate such a high level of force.

52. KPD condoning of its officers and agents use of excessive force on detainees and criminal suspects who are in no way a threat is reflected in the lawsuits filed against KPD's officers for excessive force used against non-threatening or dangerous suspects and detainees.

53. One such lawsuit is the case of *Cameron Raymond v. County of Kaua'i* Civil No. 15-00212 ACK-RLP, which detailed that officers with KPD used excessive force in handcuffing Mr. Raymond so tightly it left bruising on Mr. Raymond's wrists although Mr. Raymond was never a threat to the officers, himself or the public. Moreover, in the *Raymond* case, like the Instant matter, the KPD Officers entered Mr. Raymond's' property without consent and without a warrant.

54. Another such lawsuit, *Lynell Tokuda v. Chris Calio* Civil No, 13-00202, detailed the killing of the unarmed Mr. Richard Louis by a KPD officer without providing any warning that such a use of force was to be administered and without any threat to the KPD officers, Mr. Louis or the public. Mr. Louis did not have any weapon in his hand and was no threat to the officers, himself or the public prior to being shot and killed.

55. Upon information and believe, KPD has a long-standing policy or practice of not adequately training its officers on how to handle those suspects who may or may not have a weapon on them but are in no way a threat to anyone including the officers.

56. The training the KPD's officers receive does not sufficiently educate the officers on when elevated use of force is justified and instead they are trained to act with high levels of force, even under circumstances that do not justify any force whatsoever.

57. KPD's custom and practice of inadequate training as to the implementation of the proper use of force resulted in MR. GAL being subject to force that was entirely unnecessary considering MR. GAL was not a threat to anyone involved.

58. KPD has not rectified its long history of its officers and agents using excessive force on detainees and criminal suspects who are in no way a physical threat.

59. KPD has and continues to condone and allow its officers and agents to use excessive force on detainees and criminal suspects who are in no way a threat to themselves, the police or the public.

60. KPD failed to establish, enforce, direct, supervise, and control fair and reasonable policies, customs, practices, usages, and procedures to be used by a) their law enforcement agents; b) personnel responsible for processing and administering accusations of alleged misconduct; and 3) deputies, so that their edicts and/or acts represent the official policy of KPD.

61. Instead, acting within such duty, KPD officials and agents, by the various acts of omission and commission cited herein fostered and encouraged an atmosphere of lawlessness, custom, practice of corruption, as well as, aggressive, abusive and assaultive behaviour and procedures toward MR. GAL which from the period of MR. GAL's detention and onward, represented the policy, practice, custom and procedure of KPD.

62. KPD's accusation, suspension, detention, unlawful search and seizure and assault of the non-threatening MR. GAL was in furtherance of the unlawful practice, custom and procedure of the KPD.

63. KPD failed to adequately train its officers, including Defendant CLAYTON SILVA JR, on how to deal with non-threatening suspects without the use of high levels of force and this inadequate training resulted in the violation of MR. GAL's constitutional rights.

64. MR. GAL knows that there were other KPD officers on the scene on the date of the subject of this action, but is unaware of their identities at this time and/or if they had any involvement in the violation of his rights.

65. Upon discovery, MR. GAL will be able to determine any involvement of other KPD officers in the violation of his rights.

Count 1
EXCESSIVE USE OF FORCE VIOLATING THE FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983 INCLUDING INDIVIDUAL OFFICER AND MUNICIPAL LIABILITY

66. MR. GAL realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 63 of this Complaint as if set forth at length.

67. The Defendants maliciously caused the Plaintiff to be subjected to excessive force.

68. Defendants acted under color of law.

69. Defendants abused their authority.

70. KPD acted under their accepted policy and custom.

71. KPD acted with deliberate indifference to the constitutional

rights of MR. GAL.

## Count 2
## NEGLIGENCE

72. MR. GAL realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 69 of this Complaint as if set forth at length.

73. The Defendants had a legal duty to protect the MR. GAL from injury. By using excessive force upon MR. GAL, the Defendants negligently failed to fulfill that duty which was the legal and proximate cause of serious injury to the Plaintiff.

74. As a direct and proximate result of the conduct of Defendants, and each of them, MR. GAL sustained severe and persistent physical and mental pain, suffering, anguish, and distress, the amount of which will be proven at trial.

75. As a direct and proximate result of the conduct of Defendants, and each of them, MR. GAL will, in the future, be required to expend further sums for the cure of the physical and emotional injuries he suffered at the hands of defendants in an amount which will be proven at trial.

## Count 3
## ASSAULT AND BATTERY

76. MR. GAL realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 73 of this Complaint as if set forth at length.

77. The actions of Defendants constituted intentional assault and battery, which led to serious injury to the Plaintiff.

## Count 4
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

78. MR. GAL realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 75 of this Complaint as if set forth at length.

79. The foregoing acts by Defendants were intentional, wilful and the legal and proximate cause of infliction of emotional distress to Plaintiff.

## Count 5
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

80. MR. GAL realleges and hereby incorporates by reference the allegations contained in Paragraphs 1 through 77 of this Complaint as if set forth at length.

81. The foregoing acts by Defendants was perpetrated with intent to cause a reckless, wanton and wilful disregard of the probability of causing Plaintiff to suffer severe emotional distress in the form of mental anguish and suffering, wounded feeling, humiliation, shock degradation and extreme and enduring damages in an amount to be proved at trial.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court to grant the

following relief:

(a) A declaratory judgment be issued that the Plaintiff's rights have been violated as alleged.

(b) A preliminary and permanent injunction to have Defendant KPD desist from such acts and to take preventative measures to prohibit further unnecessary excessive force and civil rights violations on citizens.

(c) An award to the Plaintiff for compensatory, special, statutory, liquidated, exemplary, and punitive damages (as to individual Defendants) and other monetary relief in the amount to be determined and prejudgment interest entered to the maximum extent permitted by law.

(d) An award to the Plaintiff for all costs and attorney's fees arising from this litigation.

(e) Any other relief that this Court deems appropriate.

DATED: Honolulu, Hawaii, July 31, 2020.

/s/ Joseph T. Rosenbaum
JOSEPH T. ROSENBAUM
ELIZABETH JUBIN FUJIWARA
COLBY LEWIS
Attorneys for Plaintiff
ROY GAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY GAL, | ) CIVIL NO. 20-00011 JMS-WRP |
| | ) |
| Plaintiff, | ) DEMAND FOR JURY TRIAL |
| | ) |
| vs. | ) |
| | ) |
| COUNTY OF KAUA'I, KAUA'I POLICE DEPARTMENT; CLAYTON SILVA JR., individually and in his official capacity; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |
| _____ | ) |

## DEMAND FOR JURY TRIAL

Comes now, Plaintiff ROY GAL, by and through his attorneys, Elizabeth Jubin Fujiwara and Joseph T. Rosenbaum at Fujiwara and Rosenbaum, LLLC and hereby demands trial by jury on all issues triable herein.  This demand is made pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the records and files herein.

DATED:  Honolulu, Hawaii, July 31, 2020.

-17-

 /s/ Joseph T. Rosenbaum
JOSEPH T. ROSENBAUM
ELIZABETH JUBIN FUJIWARA
COLBY LEWIS
Attorneys for Plaintiff
ROY GAL